IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV30-02-V
(5:98CR246-2-V)


STEVEN CARR,                        )
    Petitioner,                    )
                                   )
      v.                          )              <u>ORDER</u>
                                   )
UNITED STATES OF AMERICA,           )
    Respondent.                    )
                               )

    **THIS MATTER** comes before the Court on the petitioner's "Motion To Amend §2255," filed July 2, 2004; on his "Motion To Request Accelerated '2255' Response," filed August 9, 2004; on his "Motion For Leave To Supplement 28 U.S.C.A. §2255 Motion," filed December 2, 2004; on his "Motion Pursuant To Rule 8 Of §2255," filed December 22, 2004; and on his "Motion For Direct [sic] Verdict Of The 18 U.S.C. §2255 [sic] To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," filed March 24, 2005.

    A review of the record of this matter reflects that on March 5, 2003, the petitioner filed his Motion to Vacate.  By that Motion, the petitioner raised claims of insufficiency of the evidence, <u>Apprendi</u> error, defective indictment, erroneous amendment of the Indictment, actual innocence regarding a sentencing matter, and ineffective assistance of counsel on certain bases.

    Following its initial review of that Motion, on March 28,

2003, this Court entered an Order directing the government to file a response the petitioner's claims. On May 2, 2003, the "United States' Response To Petition And Motion To Dismiss" was filed. Such document argues, on several grounds, that the government is entitled to a judgment as a matter of law. Consequently, on May 19, 2003, the Court entered its standard <u>Roseboro</u> Order by which it directed the petitioner to file a reply/response to the government's combined Response and Motion to Dismiss.

On June 3, 2003, the petitioner filed a "Response To Respondent's Motion To Dismiss." Such Response seeks to challenge certain factual points which were set forth in the government's arguments for dismissal.

Next, on July 2, 2004, the petitioner filed his first Motion to Amend 2255. There the petitioner asks the Court to allow him to amend his Motion to Vacate to include the case of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), as further support for his claim of <u>Apprendi</u> error. However, inasmuch as the Supreme Court has not stated that <u>Blakely</u> or, for that matter, <u>Apprendi</u> can be retroactively applied in collateral proceedings such as these, the petitioner's first Motion to Amend will be denied. <u>See also</u> <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir), <u>cert. denied</u>, 534 U.S. 1032 (2001) (Fourth Circuit stated that <u>Apprendi</u> cannot be retroactively applied in collateral proceedings under §2255); <u>and</u> <u>United States v. Fowler</u>, No. 05-6493, slip op. at 1 (W.Va.

June 17, 2005) ("neither _Booker_ nor _Blakely_ announce a new rule
of constitutional law made retroactive by the Supreme Court to
cases on collateral review.").

Regarding the petitioner's Motion To Request Accelerated
2255 Response, by which he actually seems to be requesting an
expedited judgment in this case, such Motion must be <u>denied</u>.
Indeed, the subject Motion does not identify a single reason why
the petitioner's case should be taken out of order, or why an
expedited judgement is required in this case.  Thus, the
petitioner simply cannot prevail on this <u>de facto</u> motion for an
expedited judgment.

By his Motion for Leave to Supplement, the petitioner again
requests permission to amend his _Apprendi_ claim with a reference
to the _Blakely_ decision.  However, as was already stated
concerning the petitioner's first request to amend his Motion,
neither _Apprendi_ nor its progeny can be retroactively applied in
proceedings such as this one.  Therefore, this Motion for Leave
to Supplement will be <u>denied</u>.

Moreover, to the extent that such Motion for Leave to
Supplement is seeking to raise new claims--regarding alleged
instances of prosecutorial misconduct--such Motion still must be
denied.  To be sure, any new claims which the petitioner might
seek to raise after September 12, 2003, that is, the expiration
of the 1-year limitations period set forth under the AEDPA, would
be time-barred.  Therefore, the instant Motion for Leave to

Supplement must be _denied_ in its entirety.

Notwithstanding his numerous attempts to amend his Motion to Vacate, by his "Motion Pursuant To Rule 8 of §2255," the petitioner again seems to be seeking an expedited judgment inasmuch as that Motion asks Court "to make such disposition of his 28 U.S.C. §2255 as justice dictates." However, as has been noted, the petitioner has failed to present a legal basis to support this request. Furthermore, the petitioner's pattern of repeatedly filing motions to amend his pleadings would make the rendering of an expedited judgment all but impossible in any event. Therefore, this Motion will be _denied_.

Finally, the petitioner also has filed a Motion for a directed verdict in this case. There, the petitioner asserts, based solely upon the time during which this matter has been pending with this Court, that he is entitled to a directed verdict. Suffice it to say, however, even assuming that such an option is available at this point in the petitioner's proceedings, the petitioner's proffered basis for the Motion simply does not support the entry of a directed verdict in this case. Accordingly, this Motion also will be _denied_.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the petitioner's Motion to Amend §2255 (document # 9 is **DENIED;**

2. That the petitioner's Motoin to Request Accelerated '2255' response (document 3 10 is **DENIED;**

3.  That the petitioner's Motion for Leave to Supplement his Motion to Vacate (document # 11) is **DENIED;**

4.  That the petitioner's Motion Pursuant to Rule 8 of the Rules on Motion Attacking Sentence under §2255 (document # 12) is **DENIED;** and

5.  That the petitioner's Motion for a Directed Verdict (document # 13) is **DENIED.**

**SO ORDERED.**

Signed: September 30, 2005

Richard L. Voorhees
United States District Judge