**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV30-02-V
(5:98CR246-02-V)**

| | |
|---|---|
| **STEVEN DONEWAN CARR,** )<br>    **Petitioner,** )<br>  )<br>            v.     )<br>  )<br> **UNITED STATES OF AMERICA,** )<br>    **Respondent.** )<br> **_____)** | **O R D E R** |

**THIS MATTER** is before the Court on the petitioner's "Motion For Reconsideration," filed May 10, 2007.[1] For the reasons stated herein, and for the further reasons stated in the Court's Order of dismissal, filed April 5, 2007 (document # 19), the instant Motion will be denied.

As was previously recounted in the Court's Order of dismissal, on July 20, 1999, a jury convicted the petitioner of one count of conspiracy to possess with intent to distribute, and to distribute quantities of cocaine base, that is, crack cocaine; it convicted

---

[1]Although the petitioner's Motion to Vacate was dismissed by this Court's Order of April 5, 2007 and the instant Motion was not filed until May 10, 2007, the latter still will be deemed timely filed. That is, the petitioner has provided the Court with proof that he previously had submitted a Motion for Reconsideration within thirty days of the dismissal Order, but somehow that Motion was not received by the Court.

him of two counts of aiding and abetting the possession with intent to distribute crack; and it convicted him of one count of possession with intent to distribute crack. Thereafter, on December 16, 1999, the Court conducted a Sentencing Hearing, during which it determined that it would calculate the petitioner's sentence on the basis of his culpability for in excess of 1.5 kilograms of crack. At the conclusion of that Hearing, the Court sentenced the petitioner to a term of 360 months imprisonment on the conspiracy charge, and to concurrent 360-month terms on each of the three other convictions.

The petitioner appealed his case to the Fourth Circuit Court of Appeals. There, the petitioner argued that the evidence was insufficient to support his conspiracy conviction and sentence since Paul Bines--the man with whom he was alleged to have conspired--was working as a government agent. See United States v. Carr, No. 00-4000, slip op. at 2 (4th Cir. Sept. 26, 2000). Nevertheless, the appellate Court noted that "substantial evidence support[ed] Carr's conviction for conspiracy." How- ever, the petitioner's sentence was vacated for its violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Id.

Accordingly, on September 10, 2001, this Court conducted a Re-Sentencing Hearing in the petitioner's case. Once again, the Court reaffirmed its conclusion that the petitioner's sentence had to be based upon his involvement with in excess of 1.5 kilograms of

crack.  The Court then reviewed the record and sentenced the petitioner to a term of 240 months imprisonment for the conspiracy conviction, and to two 60-month terms on his aiding and abetting convictions, with such terms to be served concurrently to each other but consecutively to the 240-month term.  Last, the Court sentenced the petitioner to an additional consecutive 60-month term on his conviction for possession with intent to distribute crack, for a total sentence of 360 months imprisonment.

The petitioner again appealed his case to the Circuit Court. That time, the petitioner argued that this Court had erred in concluding that his sentence should be calculated based upon his involvement with in excess of 1.5 kilograms of crack.  See United States v. Carr, No. 01-4740, slip op. at 2 (4th Cir. May 17, 2002). However, the Fourth Circuit affirmed the petitioner's sentence upon its finding that this Court's determinations concerning the drug amount and the offense level were not clearly erroneous.  Id.

Thereafter, on March 5, 2003, the petitioner filed the subject Motion to Vacate arguing, inter alia, that the evidence was insufficient to support his conspiracy conviction; and that the Court had erred in sentencing him on the basis of his involvement with in excess of 1.5 kilograms of crack.  Later, on August 25, 2005, the petitioner filed a Motion for Leave to Amend his Motion to Vacate.  By his proposed amendment, the petitioner sought to add three claims, including that this Court was required to apply

"Clarifying Amendment 667" in order to reduce his offense level and ultimately his sentence.

On April 5, 2007, this Court entered an Order dismissing the claims set forth in the petitioner's Motion to Vacate. More particularly, the Court found that the petitioner's attempt to re-litigate his claim of insufficient evidence to support his conspiracy conviction was barred by the appellate Court's rejection of that argument during his appeals. See Davis v. United States, 417 U.S. 333, 342 (1974); and Boeckenhau pt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Further, the Court indicated that to the extent it could be said that such claim was not already raised and rejected on direct review, it still would have to be summarily dismissed as procedurally defaulted under the facts of this case. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000).

As for his proposed amended claim that he was entitled to relief under Amendment 667, this Court further determined that such provision could not provide the petitioner with any relief because it actually had been in effect at the time of both of the petitioner's sentencing proceedings. Ultimately, therefore, Amendment 667 did not offer any new provision for the Court to apply to the petitioner's case.

The Court also determined that the petitioner was not entitled

to any relief under his two other proposed claims. Consequently, the undersigned refused to allow the petitioner to amend his Motion, since it would have been futile to have done so inasmuch as the petitioner could not have obtained any relief from any of his proposed claims.

Now, the petitioner seeks reconsideration, contending that "The Process To Determine Length Of Petitioner's Sentence Offends The Sixth Amendment"; and that "The Court Can Correct Petitioner's Sentence Pursuant To Amendment 667 (Allication [sic] Note 12 To USSG §2D1.1)." Notwithstanding their captions, however, it is readily apparent to the Court that these two arguments actually are mirror images of the petitioner's earlier claim that the evidence was insufficient to support his conspiracy conviction due to Paul Bines' cooperation with authorities, and of his proposed claim that he is entitled to a reduction in his sentence by virtue of Amendment 667.

However, the undersigned has carefully reviewed this Motion and determined that the petitioner is not entitled to any reconsideration. To be sure, the petitioner has not raised anything in his Motion for Reconsideration that would cause this Court to conclude that its former treatment of his claim of insufficient evidence should be disturbed or even revisited. To put it simply, that issue already has been put to rest by the appellate Court, and this Court has no basis upon which to reconsider that matter.

Finally, the second issue for which the petitioner is seeking reconsideration was not even an actual claim in his Motion to Vacate, but merely a proposed claim. Therefore, to the extent that the petitioner is asking the Court to reconsider its earlier determination and vacate his sentence on the basis of a claim which was not presented in his Motion to Vacate, such request must be rejected. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied, 540 U.S. 995 (2003) (explaining that any post-judgment "motion directly attacking the conviction or sentence will usually amount to a successive application" for which pre-filing authorization is required).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (document # 21) is **DENIED.**

**SO ORDERED.**

Signed: May 22, 2007

Richard L. Voorhees
United States District Judge